IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDUARDSON ESTEBAN and EMALYN P.<br>GABRIEL-ESTEBAN,<br><br>    Plaintiffs,<br><br> vs.<br><br>EASTERN SAVINGS BANK, FSB, a<br>federally chartered savings<br>bank,<br><br>    Defendant.<br>_____ | CIVIL NO. 10-00234-HG-LEK<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS (DOC. 10)<br>AND DENYING PLAINTIFFS'<br>COUNTERMOTION FOR<br>CERTIFICATION OF LEGAL<br>QUESTION TO HAWAII SUPREME<br>COURT (DOC. 13)** |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. 10) AND
DENYING COUNTERMOTION FOR CERTIFICATION OF LEGAL QUESTION TO
HAWAII SUPREME COURT (DOC. 13)**

    Plaintiffs, Eduardson Esteban and Emalyn P. Gabriel-Esteban, bring this action under the Truth in Lending Act ("TILA"), 15. U.S.C. § 1601, seeking rescission of a mortgage loan transaction that they entered into with the Defendant, Eastern Savings Bank, FSB.  Plaintiffs claim the Defendant violated TILA's requirement that borrowers be given notice of their right to rescind the mortgage transaction within three days.

    The Defendant moves to dismiss the Complaint, arguing that: (1) the Plaintiffs' TILA claim is barred by res judicata; (2) Plaintiffs' claim is barred by the Rooker-Feldman doctrine;

1

(3) Plaintiffs do not have standing to bring a TILA claim; and (4) Plaintiffs cannot state a TILA claim because TILA's rescission right does not apply to investment property.  The Defendant's Motion to Dismiss (Doc. 10) is **GRANTED**.  The Plaintiffs' Countermotion for Certification of Legal Question to the Hawaii Supreme Court (Doc. 13) is **DENIED**.

### PROCEDURAL HISTORY

On April 22, 2010, the Plaintiffs filed their Complaint against Defendant Eastern Savings Bank, FSB ("Defendant" or "Eastern") (Doc. 1).

On May 13, 2010, the Defendant filed a Motion to Dismiss Plaintiffs' Complaint (Doc. 10).

On June 7, 2010, Plaintiffs filed an Opposition to Defendant's Motion to Dismiss and Countermotion for Certification of Legal Question to Hawaii Supreme Court (Doc. 13).

On June 17, 2010, the Defendant filed a Reply to Plaintiffs' Opposition (Doc. 14).

On June 28, 2010, the matter came on for hearing.

### BACKGROUND

In August of 2007, Plaintiffs submitted a Uniform Residential Loan Application to the Defendant.  Plaintiffs sought

a loan in the amount of $489,000 to refinance an existing loan on property located at 4312 Kai Ikena Dr., Kalaheo, Kauai, Hawaii 96741 ("the Kauai Property").  The loan application, which is attached to the Complaint, states that the Property was an investment property, and that the Plaintiffs' residence was on Oahu.  (See Complaint, Ex. B, Doc. 1.)  The Defendant also points out that Plaintiffs were served with the foreclosure Complaint at the Oahu residence, supporting their position that the Kauai property at issue was an investment property.  (See Def. Mot. at p. 12.)  The Plaintiffs, however, asserted in the body of their Complaint that the Kauai Property was their principal dwelling.  (Id. at ¶ 6.)

On August 15, 2007, Plaintiffs executed a Promissory Note for $489,000, which was secured by a Mortgage, Assignment of Rents, and a Security Agreement on the Kauai Property.  (Id. at C, D.)  The Plaintiffs defaulted on the loan.  On January 27, 2009, the Defendant filed a Complaint to Foreclose Mortgage in Hawaii State Court, Fifth Circuit, Civil No. 09-1-0022.

On April 24, 2009, the State Court entered: (1) Findings of Fact and Conclusions of Law, an Order Granting Eastern's Motion for Summary Judgment, an Interlocutory Decree of Foreclosure and Order of Sale; and (2) Judgment.  Plaintiffs did not oppose the Motion for Summary Judgment, and they did not appeal the Decree of Foreclosure or the Judgment.  The Judgment

became final on May 24, 2009.

    The foreclosure commissioner appointed by the Decree and Judgment conducted a public foreclosure auction.  Eastern submitted the highest bid.  The State Court's hearing to confirm the sale was originally scheduled for January 12, 2010.  On the morning of the confirmation hearing, Eduardson Esteban filed a Chapter 7 Bankruptcy Petition.  On February 26, 2010, the United States Bankruptcy Court for the District of Hawaii entered an Order granting Eastern relief from the automatic bankruptcy stay.  Eduardson Esteban did not appeal the Order Granting Relief from Stay.

    The State Court's hearing to confirm the sale of the Property was re-scheduled for April 22, 2010.  On the morning of April 22, 2010, Plaintiffs attempted to rescind the loan pursuant to TILA.  The Act requires all borrowers to be given notice of TILA's "buyer's remorse" provision.  This provision allows borrowers to rescind a consumer loan that uses their principal dwelling as security within three business days, without penalty.  See 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(5).  Regulation Z of TILA, issued by the Federal Reserve System, requires the lender to provide notice disclosing the borrower's three-day rescission period.  Id.  If the lender fails to provide this disclosure, the borrower may rescind the loan within three years after it was consummated.  15 U.S.C. § 1635(f).  The Estebans

claim that, despite the fact that they hand wrote and signed a statement waiving their right to rescind the loan transaction, "they were never given notice of their right to rescind." (Comp. at ¶ 10.)

Four hours prior to the hearing to confirm sale, the Plaintiffs filed the Complaint in this case in Federal District Court. In their Complaint, Plaintiffs seek "a declaratory judgment that the subject note and mortgage were timely cancelled prior to any sale or dispositive State Court judgment, and are therefore unenforceable."

## LEGAL STANDARDS

The Court may dismiss a complaint as a matter of law pursuant to Fed. R. Civ. P. Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957),

In evaluating a complaint when considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Roe v. City of San

Diego, 356 F.3d 1108, 1111-12 (9th Cir. 2004); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (the complaint must be liberally construed, giving the plaintiff the benefit of all proper inferences).

Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Pareto, 139 F.3d at 699; In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993) (conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981) (the Court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations").  Additionally, the Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.  In Twombly, the Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and

6

conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555.

Most recently, in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases.  In Iqbal, the Court stated that although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  Id. at 1949.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (internal citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

## ANALYSIS

The Defendant moves to dismiss the Complaint, on the grounds that: (1) the Plaintiffs' Truth in Lending Act claim, brought pursuant to 15. U.S.C. § 1601 ("TILA"), is barred by res judicata; (2) the Court does not have jurisdiction over Plaintiffs' claim pursuant to the Rooker-Feldman doctrine; (3) Plaintiffs do not have standing to bring a TILA claim; and (4)

TILA's rescission right does not apply to investment property.

**A.   Res Judicata**

The Defendant argues that the Plaintiffs are barred from raising their TILA claim because all issues relating to the loan and mortgage, which are being called into question again in this federal action, have been adjudicated in state court.

The doctrine of res judicata prevents parties from relitigating claims or issues that have already been decided by a competent tribunal.  Santos v. State of Hawaii, 646 P.2d 962, 965 (1982).  As applied by federal courts, the doctrine requires that federal courts give state court judgments the same preclusive effect that the judgment would be given in state court.  Migra v. Warren City School Dist. Board of Educ., 465 U.S. 75, 80-81 (1984).  "In determining whether a prior state court action bars a subsequent federal action, the federal court must look to the res judicata principles of the state court in which the judgment was rendered."  Pedrina v. Chun, 97 F.3d 1296, 1301 (9th Cir. 1996).

Under Hawaii law, res judicata applies when: (1) "the issue decided in the prior adjudication [is] identical with the one presented in the action in question;" (2) the parties in the present action are identical to, or in privity with, the parties in the prior action; and (3) a final judgment on the merits was

rendered in the prior action.  <u>Pedrina</u>, 97 F.3d at 1301.

### 1. The Validity of the Mortgage Was Decided in the State Foreclosure Proceeding

To determine whether a plaintiff is bringing the same claim as that asserted in the state foreclosure action, the Court must look at whether Plaintiffs' TILA claim arose out of the same transaction as the foreclosure action.  <u>Kauhane v. Acutron Co., Inc.</u>, 795 P.2d 276, 279 (Haw. 1990)("stating: "[t]he judgment of a court of competent jurisdiction...precludes []relitigation, not only of the claims that were actually litigated in the first action, but also of all grounds of claim [and defense] which might have been properly litigated in the first action but were not litigated or decided.")

In <u>Pacific Concrete Federal Credit Union v. Kauanoe</u>, 614 P.2d 936 (1980), a creditor brought an action against a debtor to collect the outstanding balance owed on two loans.  The debtor filed a counterclaim alleging that the creditor failed to satisfy TILA's disclosure requirements.  <u>Id.</u> at 937.  At issue was whether the debtor's counterclaim was barred by the statute of limitations.  This required the Hawaii Supreme Court to determine whether the TILA claim arose out of the same transaction as the creditor's claim.  The creditor argued that the TILA violations were separate and apart from the loan obligations.  <u>Id.</u> at 940.  The Hawaii Supreme Court rejected this

argument and found that the TILA action arose out of the same transaction as the creditor's collection suit.

Likewise, in Albano v. Norwest Financial Hawaii, Inc., 244 F.3d 1061, 1064 (9th Cir. 2001) the Ninth Circuit Court of Appeals held that under Hawaii law, a borrower's TILA claim is barred by a state foreclosure judgment. Albano v. Norwest Financial Hawaii, Inc., 244 F.3d 1061, 1064 (9th Cir. 2001). In Albano, the plaintiffs defaulted on their mortgage and Defendant Norwest Financial commenced judicial foreclosure proceedings. The Albano plaintiffs failed to appear at the foreclosure proceedings, and the Hawaii Circuit Court issued findings of fact and conclusions of law and entered a judgment of foreclosure against them. Id. at 1062-63. The plaintiffs did not appeal from the foreclosure judgment.

Approximately two months after the judgment was entered, but before confirmation of the sale took place, the Albano plaintiffs filed a declaratory judgment action for rescission against Norwest in the U.S. District Court for the District of Hawaii based on alleged TILA violations. Id. at 1063. The district court held that the Plaintiffs' TILA rescission claim was barred by res judicata because the plaintiffs failed to raise it in the state foreclosure proceedings. Id. The plaintiffs appealed.

In upholding the Hawaii district court's decision, the

Ninth Circuit Court of Appeals stated:

> There can be no doubt whatsoever that the Albanos' TILA claim could have been litigated in the foreclosure action.  It was a defense that would have ineluctably precluded foreclosure if the Albanos' claims are meritorious.

Id. at 1064; (See also Menor v. Finance Factors, Ltd., 6 Fed. Appx. 571 (9th Cir. 2001) (barring claims for rescission under TILA based on the reasons set forth in Albano, where plaintiff failed to raise TILA claim in state foreclosure proceeding).  On this issue, the Court of Appeals in Albano further stated:

> Were there the slightest doubt about the Albanos ability to raise a TILA counterclaim in the state court proceedings, the Supreme Court of Hawaii has dispelled that doubt.  It has held that when a party sought to assert a TILA counterclaim, [h]is allegations of TILA violations centered around appellee's failure to disclose fully certain aspects of the loan.  These loans were the very ones that were the subject of appellee's claims...[I]t seems 'inescapable that credit terms are an integral part of a loan transaction.'  We find that appellant's claims arose out of the same loan transaction as appellee's suit and as such was a recoupment defense to diminish plaintiff's recovery.

Id. (citing Pac. Concrete Fed. Credit Union v. Kauanoe, 62 Haw. 334, 341 (1980)).

As was true in Albano, the Plaintiffs here could have raised their TILA claim in the state foreclosure proceedings.  Doing so would have provided Plaintiffs with an affirmative defense and precluded foreclosure if the Plaintiffs' claim were found to be meritorious.  Plaintiffs failed to raise the TILA

claim.

### 2. Identical Parties

The res judicata doctrine also requires that the parties in the present action be identical to, or in privity with, the parties in the prior action.  Kauhane, 795 P.2d at 279.  There is an identity of parties here because the exact same Plaintiffs and Defendant were named in both the state foreclosure action and this action.

### 3. Final Judgment on the Merits

In cases involving mortgage foreclosure, "a judgment of foreclosure and order of sale is final and appealable although it contains provisions for the determination of matters incident to its administration and for disposition of the proceeds of the sale."  Security Pac. Mortgage Corp. v. Miller, 783 P.2d 855, 857 (Haw. 1989) (holding that, in cases involving mortgage foreclosures, a judgment of foreclosure and order of sale is final and appealable).  Plaintiffs did not file an appeal of the foreclosure judgment.  A final judgment on the merits was, therefore, rendered in the state foreclosure action.

The three prongs of res judicata have been satisfied.  Plaintiffs' TILA claims are, therefore, precluded by the state foreclosure action.

### B.     Applicability of the Rooker-Feldman Doctrine

The Defendant argues that the Court cannot adjudicate Plaintiffs' TILA claim under the Rooker-Feldman doctrine because doing so would be the equivalent of exercising appellate jurisdiction over a state court judgment.

As stated in section A, a federal court must give the same preclusive effect to state court judgments that the judgments would be given in courts of the rendering state.  28 U.S.C. § 1738.  The Rooker-Feldman doctrine deprives federal district courts of jurisdiction to hear appeals from state court judgments.  Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010).  The doctrine also deprives lower federal courts of jurisdiction over federal claims that are "inextricably intertwined" with claims adjudicated in state court.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  A claim is inextricably intertwined under Rooker-Feldman "if the relief requested...would effectively reverse the state court decision or void its ruling."  Fontana Empire Center, LLC, v. City of Fontana, 307 F.3d 987 (9th Cir. 2002).  The United States Supreme Court has held that Rooker-Feldman applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic

13

Industries, Corp., 544 U.S. 280, 284 (2005).

In this case, Plaintiffs have admitted that they are essentially appealing the state foreclosure judgment. At the hearing on this matter, Plaintiffs' counsel stated that he raised Plaintiffs' TILA claim during the hearing to confirm the sale, and the state court judge concluded that res judicata barred the claim under Albano because the Plaintiffs failed to raise the issue during the judgment of foreclosure/summary judgment phase of the proceedings. Unsatisfied with that ruling, Plaintiffs have brought the Albano issue to this Court and have invited the Court to "re-visit" Albano. The relief requested in Plaintiffs' Complaint supports this conclusion. Plaintiffs ask for "a declaratory judgment that the subject note and mortgage were timely cancelled prior to any sale or dispositive State Court judgment, and are therefore unenforceable." (Comp. at p. 8.) As the requested relief suggests, granting rescission would amount to a finding that no valid mortgage existed.

In Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003), the Ninth Circuit Court of Appeals explained that Rooker-Feldman applies in cases where the plaintiff complains of a legal injury caused by the state court judgment.[1]  Id. at 1163-65.  The court

---

[1] The Third and Eleventh Circuit Courts of Appeal have held that the Rooker-Feldman doctrine bars a district court from hearing post-foreclosure TILA claims because a favorable judgment on the rescission claims is the equivalent of "overturning" the

14

also stated that, if there has been state court litigation that has already gone to judgment, the federal suit may be claim precluded.  Id. at 1164.

Here, it would appear that Rooker-Feldman applies. The "legal injury" from which Plaintiffs seek relief is the state foreclosure judgment, because the only benefit the Plaintiffs would receive if the Court granted rescission is nullification of the foreclosure and the ability to re-do the loan transaction with a different lender.  Likewise, as stated in the Defendant's Reply, the state court granted Eastern's Motion for Confirmation of Sale, Writ of Possession and Deficiency Judgment "after taking notice of the filing of Plaintiffs' Complaint...and after Plaintiffs and Eastern thoroughly briefed and argued the issue of whether borrowers have a right to rescind after a final foreclosure judgment."  (Def. Reply at p. 2.)  A contrary holding by this Court would "overturn" the confirmation and Deficiency Judgment.  When viewed this way, the claim fits within the parameters outlined in Noel and is barred under the Rooker-Feldman doctrine.  If, however, a different reading of Noel indicates that the case does not fit within the Rooker-Feldman doctrine, the posture of the case results in issue preclusion.

---

state court judgment in an appellate capacity.  In re Madera, 586 F.3d 228, 232 (3rd Cir. 2009); Velardo v. Fremont Investment & Loan, 298 Fed. Appx. 890 (11th Cir. 2008); Harper v. Chase Manhattan Bank, 138 Fed. Appx. 130 (11th Cir. 2005).

Noel, 341 F.3d at 1164 ("[I]f the federal plaintiff and the adverse party have already litigated the state court suit to judgment, the federal plaintiff may be precluded from relitigating that dispute under the interjurisdictional preclusion rule of 28 U.S.C. § 1738.")  Either way, the Plaintiffs cannot bring the claim.

### C. Standing to Bring TILA Claim

The Defendant argues that Plaintiffs do not have standing to assert their TILA claim because it is the property of the bankruptcy estate.  Section 541 of the Bankruptcy Code provides that all property of bankrupt debtors belongs to the bankruptcy estate.  Property of the estate includes "all legal or equitable interests of the debtor in property as of commencement of the bankruptcy case."  11 U.S.C. § 541(a)(1).  This court has recognized that the definition of "property" includes TILA claims.  Rowland v. Novus Financial Corp., 949 F.Supp. 1447, 1454 (D. Haw. 1996)(holding that plaintiff in bankruptcy did not have standing to bring TILA claim because claim arose prior to bankruptcy filing and was, therefore, the property of the bankruptcy estate).  If the debtor claims his TILA cause of action as "exempt" in the bankruptcy petition, or if the bankruptcy trustee abandons the TILA claim, then the debtor has standing to bring the claim.  Id.

In this case, Plaintiff Eduardson Esteban filed for Chapter 7 bankruptcy on January 12, 2010. Plaintiffs' TILA claim arose before Mr. Esteban filed for Chapter 7 bankruptcy. Mr. Esteban has not alleged that the cause of action is exempt or that it has been abandoned. Mr. Esteban, therefore, does not have standing to bring the TILA claim. Regulation Z, however, provides that "[w]hen more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers." 12 C.F.R. § 226.23. Mr. Esteban's wife, Gabriel Esteban, has not filed for bankruptcy and she has standing to bring the TILA claim. Mrs. Esteban, therefore, may bring the TILA claim.

### D. Failure to State a Claim

The Defendant argues that the Plaintiffs cannot state a TILA claim because the Property at issue was an investment property and TILA's right to rescind applies only to "a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling..." 12 C.F.R. § 226.23(a); (See also, Patito v. Countrywide Bank, FSB, Slip Copy, 2010 WL 690131 at *3 (N.D. Cal. 2010).

In deciding a Rule 12(b)(6) Motion to Dismiss, a district court generally may not consider any material beyond the pleadings; the consideration of extrinsic material converts the motion to dismiss into a summary judgment motion. Lee v. City of

Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)(internal citations omitted).  There are two exceptions to this rule: (1) "material which is properly submitted as part of the complaint;" and (2) documents that are not physically attached to the complaint "if the documents' authenticity...is not contested" and "the plaintiff's complaint necessarily relies on them."  Id.  Courts in other jurisdictions have held that, where the allegations of a complaint conflict with the exhibits or documents attached or incorporated by reference, the exhibits or documents prevail over the allegations.  Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991); Miller v. Pac. Shore Funding, 224 F.Supp.2d 977, 984 (Md. Dist. Ct. 2002).

In this case, the Plaintiffs' Complaint states that the Kauai Property was their principal dwelling, but the attached loan application, Exhibit B to the Complaint, states that the Kauai Property would be used for investment purposes, and that Plaintiffs' primary residence was on Oahu.  When asked about this contradiction at the hearing on this matter, Plaintiffs' counsel stated that Exhibit F to the Complaint, which is a handwritten "waiver" of Plaintiffs' right to rescind, supports Plaintiffs' assertion that the Kauai Property was their principal dwelling because there would have been no need for such a waiver if the Kauai Property was not Plaintiffs' primary residence.  The Court finds it unnecessary to decide the controversy concerning whether

the property was in fact the principal dwelling of the parties.

## II. Plaintiffs' Countermotion for Certification of Legal Question to the Hawaii Supreme Court

Hawaii Rule of Appellate Procedure 13 contemplates certification of a legal question to the Hawaii Supreme Court where there is "a question concerning the law of Hawaii that is determinative of the cause and that there is no clear controlling precedent in the Hawaii judicial decisions." Whether a question should be certified is a discretionary decision that rests within the sound discretion of the district court. See Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974) (noting that the use of certification rests within the discretion of the federal court).

Here, the Hawaii Supreme Court has held that: (1) "challenges to the existence of liability under a foreclosure decree with a right to a deficiency judgment may only be raised when appealing the foreclosure decree;" and that (2) TILA claims arise out of the same transaction as the underlying loan. Beneficial Hawaii, Inc., v. Casey, 45 P.3d 359, 365 (Haw. 2002); Pacific Concrete Federal Credit Union v. Kauanoe, 614 P.2d 936 (1980). The Hawaii Intermediate Court of Appeals has also held that "issues, implicating the validity of the underlying note and mortgage [are a] defense against [a lender's] right to foreclosure, to be properly brought in the trial court against [a lender's] motion for summary judgment and decree of foreclosure."

19

Citicorp Mortgage, Inc. v. Bartolome, 16 P.3d 827, 838 (Haw. App. 2000). Plaintiffs' case, therefore, does not present a novel issue for which there is no clear, controlling Hawaii precedent. Plaintiffs' Counter-Motion for Certification of a Legal Question to the Hawaii Supreme Court is, therefore, **DENIED**.

### CONCLUSION

The Defendant's Motion to Dismiss is **GRANTED**.

Plaintiffs' case does not involve a novel legal issue for which there is no clear, controlling Hawaii precedent. Plaintiffs' Counter-Motion for Certification of a Legal Question to the Hawaii Supreme Court is **DENIED**.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, July 22, 2010.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

_____
ESTEBAN v. EASTERN SAVINGS BANK, FSB; Civ. No. 10-00234 HG-LEK; **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. 10) AND DENYING PLAINTIFFS' COUNTERMOTION FOR CERTIFICATION OF LEGAL QUESTION TO HAWAII SUPREME COURT (DOC. 13)**